IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GRACE I. ROSARIO-VELÁZQUEZ**<br><br>**Plaintiff,**<br><br>v.<br><br>**CORPORACIÓN EDUCATIVA RAMÓN BARQUÍN D/B/A AMERICAN MILITARY ACADEMY OF PUERTO RICO, <u>ET. AL.</u>,**<br><br>**Defendants.** | **CIVIL NO. 23-1347 (PAD)** |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff worked for Corporación Educativa Ramón Barquín d/b/a American Military Academy ("AMA") from 2001 until 2021, when she was let go for failure to comply with government-imposed conditions for religious exemption to mandatory vaccination requirements for school employees during the COVID-19 pandemic (Docket No. 1). Dissatisfied with the termination, she sued AMA and its CEO complaining of religious discrimination, retaliation, unjust discharge, and privacy violations under Federal and Puerto Rico law. <u>Id</u>.[1] Before the court are defendants' motions to dismiss under Fed.R.Civ.P. 12(b)(6) (Docket Nos. 11 and 12), which plaintiff opposed (Docket No. 18). Defendants replied (Docket No. 23). For the reasons explained below, the motions to dismiss must be granted and the case dismissed.

---

[1] To this effect, plaintiff invoked Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, <u>et seq</u>., and Puerto Rico law, in particular, Puerto Rico's General Discrimination Statute, Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 <u>et seq</u>.; the Retaliation Against Employees for Offering Testimony Act, Law 115 of December 20, 1991, P.R. Laws Ann. tit. 29, §§ 194 <u>et seq</u>.; the Unjust Discharge Act, Law 80 of May 30, 1976, P.R. Laws Ann. tit. 29, §§ 185a-185m; the general tort statute (Articles 1536 and 1540 of the Puerto Rico Civil Code of 2020); P.R. Laws Ann. tit. 31, §§ 10801 and 10805); and the Puerto Rico Constitution, P.R. Laws Ann. tit. 1, Bill of Rights, art. II, § 8 (Docket No. 1, p. 2).

Rosario-Velázquez v. Corp. Educativa Ramón Barquín; et. al.
Civil No. 23-1347 (PAD)
Opinion and Order
Page 2

## I.  BACKGROUND[2]

### A. Administrative Orders

On July 22, 2021, the Puerto Rico Department of Health ("PRDOH") issued Administrative Order 2021-509, which, among other things, required proof of vaccination against the COVID-19 virus from all teaching and non-teaching personnel in public and private schools, post-school educational institutions, educational centers, and universities (Docket No. 12-2, pp. 3-9). As an exception, the Administrative Order allowed individuals to be exempted from the vaccine mandate on medical or religious grounds. Id. at p. 8. On August 9, 2021, the PRDOH issued Administrative Order 2021-509B, requiring employees who sought a religious exemption to submit to the employer an affidavit certifying, together with the minister or ecclesiastical leader of his/her religion, under oath and subject to perjury, that receiving a vaccination against COVID-19 was contrary to the dogmas of the employee's religious beliefs. Id. at pp. 13-14. Individuals who could not successfully avail themselves of a religious or medical exemption were expressly prohibited from working in person even if they submitted negative COVID-19 tests on a routine basis. Id. The employer's failure to comply with the Administrative Order's requirements exposed it to criminal charges and/or fines of up to $5,000. P.R. Exec. Order No. 43, OE-2021-043 (June 3, 2021, p. 21); P.R. Laws. Ann. tit. 25, § 3654.

### B. Notice to Plaintiff

AMA is an educational institution (Docket No. 1, p. 4). On August 13, 2021, its Human Resources ("HR") Director sent plaintiff a letter indicating that to comply with the PRDOH Administrative Order, plaintiff had to provide proof of immunization against COVID-19 or apply

---

[2] These facts are taken from the complaint's well-pleaded facts, which the court must accept as true at this stage of proceedings. See, Pitta v. Medeiros, 90 F.4th 11, 17 (1st Cir. 2024)(discussing standard).

Rosario-Velázquez v. Corp. Educativa Ramón Barquín; et. al.
Civil No. 23-1347 (PAD)
Opinion and Order
Page 3

for a medical or religious exemption to the vaccine mandate. Id. at p. 5. On September 2, 2021, the HR Director sent plaintiff a follow-up letter stating that she was not in compliance with the Administrative Order and had until September 30, 2021, to apply for an exemption or be vaccinated. Id. at pp. 5-6.[3] Otherwise, the letter advised, she could be subject to termination. Id. at p. 6.

### C. Plaintiff's Response

On September 2, 2021, and around September 11, 2021, plaintiff delivered to the HR Director sworn statements requesting a religious exemption to the vaccine (Docket No. 1, p. 6). On September 22, 2021, the CEO informed plaintiff that her sworn statements did not comply with the Administrative Order (the statements lacked the minister's or ecclesiastical leader's signature), and that being so, by September 30, 2021, she had to provide evidence that she had been vaccinated or complied with the Order. Id. On September 30, 2021, plaintiff sent a letter to the HR Director stating that she complied with all state and federal requirements to be able to work on site, and that "she was available to work at [AMA's] disposal." Id. at p. 7. The next day, plaintiff was discharged. Id.

### D. Litigation

On July 1, 2023, plaintiff initiated the instant action against AMA and the CEO (Docket No. 1). In essence, she alleges that she holds deep religious convictions that preclude her from receiving a vaccination against COVID-19 that go beyond "simple worries about the effects of the flu vaccine" (id. at p. 9,); that the defendants discriminated against her because of her religion; and

---

[3] September 30, 2021, was not an arbitrary deadline imposed by AMA, but rather the cutoff date set by the Administrative Order by which employees had to present proof of having received the second dose of the vaccine (Docket No. 12-2, pp. 12-14).

Rosario-Velázquez v. Corp. Educativa Ramón Barquín; et. al.
Civil No. 23-1347 (PAD)
Opinion and Order
Page 4

that they retaliated against her, unjustly terminated her employment; and violated her privacy. Id. at pp. 2, 7, 14, 17. Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) (Docket Nos. 11 and 12).

## II. DISCUSSION

### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[4] Plaintiff has not stated a plausible claim to relief.

### B. Discrimination/Retaliation

Plaintiff complains of religious discrimination under Title VII and Law 100, and of retaliation under Title VII and Law 115 (Docket No. 1, pp. 2, 7, 14). Title VII and Law 100 bar employers from discriminating against employees because of their religion or religious beliefs. See, 42 U.S.C. § 2000e-2 (Title VII); P.R. Laws Ann. tit. 29, § 146 (Law 100). Discrimination claims under Law 100 are subject "to the same analysis" as those under Title VII. Grafals-Semidei v. JetBlue Airways Corp., 2022 WL 18861858, *3 (D.P.R. Jul. 26, 2022). As well, Title VII prohibits employers from retaliating against employees for having "made a charge, testified assisted, or participated in any manner in an investigation, proceeding, or hearing" under the Title.

---

[4] In performing this review, the court may consider documents fairly incorporated into the complaint; facts susceptible to judicial notice; documents the authenticity of which are not disputed by the parties; and official public records. See, Nieto-Vicenty v. Valledor, 984 F.Supp.2d 17, 20 (D.P.R. 2013)(listing documents court may consider under Rule 12(b)(6)); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)(similar).

Rosario-Velázquez v. Corp. Educativa Ramón Barquín; et. al.
Civil No. 23-1347 (PAD)
Opinion and Order
Page 5

Ray v. Ropes & Gray LLP., 799 F.3d 99, 107 (1st Cir. 2015).  For its part, Law 115 makes it unlawful for an employer to discharge, threaten, or discriminate against an employee who, among other things, has provided or attempted to provide testimony, expression or information in internal procedures the company has established or before any employee or representative in a position of authority.  See, P.R. Laws Ann. tit. 29, § 194a(a)(so stating).  Law 115 is "largely symmetrical in scope" and has parallel evidentiary mechanisms to Title VII.  Rivera-Rivera v. Medina & Medina, 898 F. 3d 77, 97 (1st Cir. 2018).[5]

At the end of the day, the employer prevails under these provisions when it has acted on nondiscriminatory or nonretaliatory grounds for the challenged decision.  See, Paul v. Murphy, 948 F.3d 42, 49, 53 (1st Cir. 2020)(in summary judgment context, dismissing discrimination claim in light of unrebutted, non-discriminatory reason for the employer's action); Mariani-Colón v. Department of Homeland Sec., 511 F.3d 216, 224 (1st Cir. 2007)(same as for a retaliation claim, in view of unrebutted, non-retaliatory justification for plaintiff's dismissal).  The present case fits that mold, for based on the allegations, AMA terminated plaintiff's employment for not complying with the "minister or ecclesiastical leader" signature requirement to support the religion-based exemption request to mandatory vaccination under the Administrative Order.[6]

---

[5] Retaliation claims must be anchored on a protected activity connected to the prohibited action.  See, Rivera-Rivera, 898 F3d at 94 (noting that in a retaliation setting the adverse employment action must be causally linked to protected conduct).  From the allegations, it is not apparent that plaintiff engaged in any such activity.  Instead, she applied for a religious exemption from the vaccine mandate, which the employer rejected for not being compliant with the minister-ecclesiastical leader signature requirement.  Regardless, the court will assume for plaintiff's benefit that she engaged in a protected activity, as it does not change the result.

[6] In plaintiff's own words she "was terminated from her employment for opposing her employ[er's] intention to apply upon her an illegal requirement, that is, the requirement that a minister [or] religious leader signed with her [the] religious exemption reasonable accommodation petition" (Docket No. 1, p. 15).

Case 3:23-cv-01347-PAD   Document 24   Filed 07/24/24   Page 6 of 9

Rosario-Velázquez v. Corp. Educativa Ramón Barquín; et. al.
Civil No. 23-1347 (PAD)
Opinion and Order
Page 6

Plaintiff states that on July 28, 2021, the Governor of Puerto Rico ordered the Office of Human Resources Administration and Transformation of the Government of Puerto Rico ("OCTRH" by its Spanish acronym) to "establish guidelines and regulations" to enforce the provisions of the vaccine mandate and its exemptions, delegating on that office the "power to interpret the provisions therein;" and on August 4, 2021, OCTRH issued Special Normative Letter No. 2-2021 to the effect that the minister-ecclesiastical leader signature requirement was not needed (Docket No. 18, pp. 12-13). Plaintiff's reliance on the Normative Letter is misplaced, for it applied to agencies of the Executive Branch, which it defined as "any agency, instrumentality, office, or division of the Executive Branch of the Government of Puerto Rico, regardless of its name." Id. at p. 2. AMA was not an agency of the Executive Branch of the Government of Puerto Rico.[7]

Plaintiff contends that AMA should have inquired about the constitutionality of the minister-signature requirement (Docket No. 1, p. 13). Compliance with the Administrative Order was not optional. AMA had no choice but to comply with the Government's COVID-19 vaccine mandate and attendant requirements as they applied to it during the period plaintiff was employed at the school. Elucidating or "inquiring" as to the constitutionality of those provisions was beyond AMA's obligation. See, Lowe v. Mills, 68 F.4th 706, 724 (1st Cir. 2023)(holding that employers were not required to "determine for the State that the [Massachusetts's Vaccine] Mandate was invalid under Title VII"). In these conditions, the Title VII, Law 100, and Law 115 claims must be dismissed.

---

[7] Along the same line, plaintiff refers the court to Executive Orders OE-2021-O62 and OE-2021-063 of August 2021, which dispensed with the minister-ecclesiastical leader signature requirement (Docket No. 18, p. 13). Executive Order OE-2021-062 applied to the "health and lodging sectors' (id., p. 1), and Executive Order OE-2021-062 applied to the "restaurant, bar, theater, cinema, stadium and activity sectors, among others." Id. at p. 1. Plaintiff does not claim that these Executive Orders applied to educational institutions like AMA.

Case 3:23-cv-01347-PAD   Document 24   Filed 07/24/24   Page 7 of 9

Rosario-Velázquez v. Corp. Educativa Ramón Barquín; et. al.
Civil No. 23-1347 (PAD)
Opinion and Order
Page 7

### C. **Unjust Discharge**

Plaintiff alleges that AMA terminated her employment without just cause under Law 80 (Docket No. 1, p. 17).  This statute makes private sector employers liable for an indemnity to employees hired for undefined term who are discharged without just cause.  See, Article 1 of Law 80, P.R. Laws Ann. tit. 29, § 185a (stating coverage and payment obligation).  It contains a general definition of just cause and provides guidance on the application of this concept through various examples, relating to employee misconduct and performance, and downsizings and shutdowns. See, Article 2 of Law 80, P.R. Laws Ann. tit. 29, § 185b (general definition and examples).

In this setting, a just discharge is one where the employer provides a considered, non-arbitrary reason for an employee's termination that bears some relationship to the business' operation.  See, Echevarría v. AstraZeneca Pharm. LP, 856 F.3d 119, 140 (1st Cir. 2017)(stating proposition).  By contrast, a discharge made by the mere whim of the employer or without cause related to the proper and normal operation of the establishment is not considered just.  Id.  In this path, AMA acted not on a whim, but to comply with government-imposed requirements directly related to its operation.  It had just cause to terminate plaintiff's employment as it did.  Thus, the Law 80 claim must be dismissed.

### D. **General Tort Statute**

Plaintiff alleges that the CEO is liable to her under Puerto Rico's general tort statute, Articles 1536 and 1540 of the Puerto Rico Civil Code of 2020, P.R. Laws Ann. tit. 31, §§ 10801 and 10805 (Docket No. 1, pp. 15-17).  When a specific labor-employment provision covers the conduct for which plaintiff seeks damages, (s)he is barred from relying on that conduct to sustain a tort claim.  See, Reyes-Feliciano v. Marshalls, 159 F.Supp.3d 297, 310 (D.P.R. 2016)(articulating formulation); Franceschi-Vázquez v. CVS Pharmacy, 183 F.Supp.3d 333, 344-345 (D.P.R.

Case 3:23-cv-01347-PAD   Document 24   Filed 07/24/24   Page 8 of 9

Rosario-Velázquez v. Corp. Educativa Ramón Barquín; et. al.
Civil No. 23-1347 (PAD)
Opinion and Order
Page 8

2016)(dismissing tort claim because plaintiff failed to identify tortious conduct separate from that covered by employment laws); Rivera-Almodóvar v. Instituto Socioeconomico Comunitario, Inc., 806 F.Supp.2d 503, 508-509 (D.P.R. 2011) (similar).  As can be gleamed from the complaint, there is no tortious conduct separate from conduct subject to Title VII, Law 100, Law 115, and Law 80.  In consequence, plaintiff's tort claim must be dismissed.[8]

### E. Constitution

Plaintiff alleges that defendants infringed her privacy in violation of the Puerto Rico Constitution (Docket No. 1, p. 2).  Section 8 of the Constitution states that every person has the right to the protection of law against "abusive attacks on his honor, reputation and private or family life." P.R. Laws Ann. tit. 1, Bill of Rights, art. II, § 8.  The provision operates "*ex proprio vigore*," such that it may be enforced between private parties, not only against the State.  Rivera-Cartagena v. K-Mart Puerto Rico, Inc., 767 F.Supp.2d 310, 322 (D.P.R. 2011).

Given these parameters, the allegations do not show any privacy infringement, in other words, an abusive attack on plaintiff's honor, reputation or private or family life.  Plaintiff has not referred the court to caselaw supporting the proposition that the employer unduly violates the employee's privacy by complying with a government-imposed requirement of a minister-ecclesiastical leader signature to grant a religious-based exemption to a mandatory vaccination requirement as provided for in an Administrative Order.  As with the principle underlying disposition of the tort action, what the allegations add to here is no more than behavior subject to

---

[8] On top of that, these statutes do not impose individual liability on the employer's officers and employees.  See, Matos Ortiz v. Com. of P.R., 103 F.Supp.2d 59, 61 (D.P.R. 2000)(individual liability does not lie under Title VII); González v. Baxter Healthcare S.A., 2021 WL 1208207, *37 (D.P.R. Mar. 29, 2021)(similar as to Law 115 and Law 100, except for acts of harassment under Law 100); Rivera-Almodovar, 806 F.Supp.2d at 509 (Law 80).  While plaintiff did not sue the CEO under Law 80, she sued him under Title VII, Law 100, and Law 115 (Docket No. 1).  Those claims against the CEO would also fail for absence of a statutory basis to pursue them against him.

Case 3:23-cv-01347-PAD    Document 24    Filed 07/24/24    Page 9 of 9

Rosario-Velázquez v. Corp. Educativa Ramón Barquín; et. al.
Civil No. 23-1347 (PAD)
Opinion and Order
Page 9

labor or employment statutes by way of potential religious discrimination and retaliation that preempt application of the constitutional provision that plaintiff has invoked, making it unsuitable to support the claim. See, Galarza-Cruz v. Grupo HIMA San Pablo, Inc., 2018 WL 324863 *1 & ns. 2, 3 (dismissing claim under Article II, § 8 of the Puerto Rico Constitution on similar basis).[9] Under these circumstances, the constitutional privacy infringement claim must be dismissed.

### III.  CONCLUSION

For the reasons stated, the motions to dismiss (Docket Nos. 11, 12) are GRANTED and the case dismissed.  Judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of July, 2024.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge

---

[9] Besides, Article II, Section 1 of the Puerto Rico Constitution prohibits discrimination on account of "religious ideas." P.R. Laws Ann. tit. 1, Bill of Rights, art. II, § 1.  While the prohibition only applies to state actors, the Puerto Rico Legislature has extended the prohibition to private-sector employment relationships through Law 100, which as mentioned earlier, prohibits employers from discriminating against employees because of their "religious beliefs." P.R. Laws Ann. tit. 29, § 146.  See, Erazo-Vázquez v. State Industrial Products Corp., 2021 WL 3910248, *24 (D.P.R. Aug. 31, 2021)(listing various instances of Puerto Rico Constitution's implementation-by-statute, including of art. II, § 1 by means of Law 100).  Considering that plaintiff failed to demonstrate that AMA infringed this statute, she cannot end-run this limitation resorting to a vague reference to "privacy."  Bald assertions "need not be credited" in evaluating a motion to dismiss.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).